IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAMONT HUNTER,

       Defendant.

Criminal No. 11-0045-012
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER RE: *PRO SE* DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 (DOC. NO. 1359)

## I. Introduction

In early 2011, Lamont Hunter ("Defendant"), along with 24 others, was indicted for his role in a heroin distribution ring based in Pittsburgh, Pennsylvania. Defendant was charged with one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 846. Doc. Nos. 1 and 273. In July 2012, the Court entered a Pretrial Order and scheduled jury selection and trial to commence on October 29, 2012. Doc. No. 965. On October 14, 2012, Defendant, through counsel, filed a Waiver of Right to Trial by Jury, in which he notified the Court and Government counsel of his desire to have the case proceed as a bench trial. Doc. No. 1073. On October 22, 2012, the Court held a preliminary pretrial hearing during which Defendant (and his 2 remaining Co-Defendants) waived his right to jury trial. Doc. No. 1100.

The case did not proceed to trial. On October 26, 2012, Defendant withdrew his plea of not guilty and pled guilty to Count 1 of the Superseding Indictment. Doc. No. 1120. There was no plea agreement in Defendant's case. Id. On February 11, 2013, Defendant was sentenced by

this Court to 188 months imprisonment to be followed by a 5 year term of supervised release. Doc. No. 1242. After the Court issued Tentative Findings and Rulings, the applicable advisory guideline range, based upon an offense level of 33 and a criminal history category III, was 168 to 210 months imprisonment. Doc. No. 1235. Defendant's offense level was enhanced three levels, pursuant to § 3B1.1(b) of the United States Sentencing Guidelines, for Defendant's role as a manager or organizer of the conspiracy. This enhancement was primarily based on Defendant's direction of other individuals who bagged drugs the Defendant received and Defendant's instruction of Clayton Bonner, a co-conspirator, who regularly purchased boxes of empty stamp bags.

Defendant appealed his sentence to the United States Court of Appeals for the Third Circuit. Doc. No. 1261. Specifically, Defendant appealed this Court's application of a three-level enhancement to his offense level pursuant to § 3B1.1(b). Defendant's sentence, including the § 3B1.1(b) enhancement was affirmed by the United States Court of Appeals for the Third Circuit. Doc. Nos. 1338, 1345.

Presently before this Court is Defendant's Motion to Vacate Under 28 U.S.C. § 2255 in which Defendant moves this Court to convene a hearing to enable him to prove that he was prejudiced by his attorney's inadequate representation and then vacate his sentence and re-sentence him without an enhancement pursuant to § 3B1.1(b) for his role as a manager or organizer of a conspiracy. Defendant contends that his counsel was ineffective because:

> (1) counsel was informed that Defendant never gave co-conspirators drugs to package;
> (2) counsel failed to call co-conspirators who Defendant allegedly instructed to package drugs as witnesses during Defendant's sentencing

2

hearing; and

(3) counsel gave Defendant erroneous advice prior to his change of plea hearing that he would be sentenced to 120 months imprisonment.

The Government opposes this Motion. Doc. No. 1362.

**II.    Discussion**

In essence, Defendant contends that an enhancement pursuant to § 3B1.1(b) is not warranted and would not have been applied if his counsel had called his co-conspirator, Clayton Bonner, to testify during his sentencing hearing. Doc. No. 1360. However, as stated on the record during his change of plea hearing, as set forth by the Court in its Tentative Findings and Rulings, and as noted by the United States Court of Appeals for the Third Circuit in its Memorandum Opinion, Defendant did not object to the factual circumstances that support the §3B1.1 enhancement. His attempt to assail actions that he previously admitted he undertook, while under oath, renders his present Motion meritless.

During the October 26, 2012, change of plea hearing, the Court instructed the Government to proffer the evidence that it would intend to offer if the case proceeded to trial. See Doc. No. 1202, 16. In pertinent part, the Assistant United States Attorney set forth that:

> During the time period listed in the superseding indictment, [a] source supplied Mr. Hunter with unbagged heroin on about ten occasions. Each occasion involved between 25 and 200 grams of heroin with 200 grams being the most frequent amount.
> After Mr. Hunter was supplied with the unbagged heroin, he would have certain heroin users who worked for him add cut to increase the quantity of the heroin, divide the heroin into stamp bags and then stamp the bags.
> Mr. Hunter would also direct Clayton Bonner to acquire at least five boxes of empty stamp bags about every ten days. Each box contained at least 500 empty

3

stamp bags, and each box cost $50.

It should be noted that Bonner was a heroin user as well as a heroin distributor, who was supplied by Mr. Hunter with at least four bricks on an almost daily basis throughout the period of time listed in the superseding indictment.

After the Government's recitation of these facts, the Court instructed Defendant that he would be asked if he agreed with the Government's summary of what he did, but first, inquired whether he understood that his answers "may be later used against [him] in the prosecution for perjury or for making a false statement if [he did] not answer truthfully?" Doc. No. 1202, 19-20. Defendant answered that he understood. Id. at 20. This exchange followed:

> THE COURT: Do you agree with the prosecution's summary of what you did?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are there any additions or corrections you wish to make?
>
> THE DEFENDANT: No, sir.

Id.

Although Defendant objected to the § 3B1.1(b) enhancement for his role as a leader in his Sentencing Memorandum, he did not contest the underlying facts, *i.e.* that he had heroin users bag drugs and instructed Clayton Bonner to purchase empty stamp bags. Doc. No. 1221. The United States Court of Appeals for the Third Circuit also noted that "Hunter admitted to all of these facts at his change of plea hearing." *United States v. Hunter*, 547 Fed.Appx. 162, 163 (3d Cir. 2013). Therefore, Clayton Bonner's testimony, even assuming that he would somehow contradict the Government's proffer that Defendant directed Bonner to purchase empty stamp bags, would not have had any effect on the Court's application of a three-level enhancement pursuant to §

3B1.1(b).

Therefore, Defendant cannot demonstrate that, but for his counsel's alleged failure to call Clayton Bonner as a witness during his sentencing hearing, his sentence would have been different. *See Strickland v. Washington*, 466 U.S. 668, 693 (1984).

Defendant's second argument is that his counsel told him that he would be sentenced to 120 months imprisonment. This argument is without merit because of the Court's thorough colloquy during Defendant's change of plea hearing. During the change of plea hearing, Defendant was informed by the Court that the maximum sentence he would face would be "a term of imprisonment of not less than ten years and up to life." Doc. No. 1202, 8. Defendant was also informed that the guideline range, which would be determined after a Presentence Investigation Report was prepared, was advisory and not binding on the Court. Id. at 9. The Government informed the Court and Defendant that it believed the advisory guideline range would be 210 to 262 months. Id. at 10. Defense counsel set forth that it believed that the advisory guideline range would be 121 to 151 months imprisonment. Id. at 11.

Importantly, the Court asked the following: "Do you understand that I'm not bound by any recommendation of sentence your attorney and/or the Government may have suggested or agreed to, nor by the Government's agreement not to oppose your attorney's requested sentence, if any, and that the Court could sentence you up to the maximum sentence permitted by the statute?" Id. at 14. Defendant answered affirmatively. Id. Therefore, Defendant was aware of the potential sentence that he faced by pleading guilty to Count 1 of the Superseding Indictment. The sentence this Court imposed was within the potential range of sentence set forth during the change of plea hearing. Any conversations he may have had with his attorney prior to the change of plea hearing

5

are of no moment. Defendant knew he could be sentenced up to life imprisonment. There is no reason to vacate his guilty plea or his sentence.

### III. Order

AND NOW, this 11th day of July, 2014, IT IS HEREBY ORDERED THAT Defendant's *Pro Se* Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 1360) is **DENIED**. Reasonable jurists could not debate that an enhancement pursuant to § 3B1.1. was warranted and Defendant's change of plea was knowing and voluntary. Therefore, a certificate of appealability will not issue.

                                           s/ Arthur J. Schwab
                                           Arthur J. Schwab
                                           United States District Judge

cc:     All Registered ECF Counsel and Parties

        Lamont Hunter
        Reg. No. 32793-068
        FCI Elkton
        P.O. Box 10
        Lisbon, OH 44432