IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAMONT HUNTER,

      Defendant.

Criminal No. 11-0045-012
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (DOC. NO. 1463)**

On October 26, 2012, Defendant Lamont Hunter pled guilty to one count of conspiring to distribute and possess with the intent to distribute one (1) kilogram or more of heroin, in violation of 21 U.S.C. § 846. Doc. No. 1120. At the time he committed this offense, Defendant was on parole from a state prison sentence imposed for the third-degree murder of two individuals related to drug dealing. Defendant had served ten (10) years in state prison prior to his release on parole. Despite already spending so much of his life in prison, Defendant returned to drug dealing instead of finding legitimate, legal employment to support his eleven (11) children.[1]

On February 11, 2013, the Court sentenced Defendant to a 188 month term of imprisonment to be followed by a five (5) year term of supervised release. Doc. No. 1242. On November 20, 2015, Defendant filed this Motion to Reduce Sentence. Doc. No. 1463. The Court entered an Order denying the Motion on December 11, 2015. Doc. No. 1475. Defendant appealed to the United States Court of Appeals for the Third Circuit, doc. no. 1478, which granted a joint motion to remand for resentencing by the Defendant and Government. Doc. No. 1522.

---

[1] Defendant's oldest child was killed by gun violence at age 19 following Defendant's arrest for this offense.

Thereafter, Defendant submitted a supplement to his Motion. Doc. Nos. 1528, 1532.

The Court has considered Defendant's original Motion, doc. no. 1463; the Government's response thereto, doc. no. 1474; Defendant's supplement to his Motion, doc. nos. 1528, 1532; and the Government's response thereto, doc. no. 1535. The Court has also reviewed the Presentence Investigation Report and Addendum, doc. nos. 1195, 1206; and the transcript of the Sentencing Hearing, doc. no. 1286.

## I. Legal Standards

On November 1, 2015, the United States Sentencing Commission amended U.S.S.G. § 2D1.1 ("Amendment 782") to decrease the base offense levels in drug cases, and made the amendment retroactive. In *Dillon v. United States*, the Supreme Court instructed District Courts to follow a two-step process when considering whether or not to reduce a Defendant's pursuant to a retroactive guideline amendment. 560 U.S. 817 (2010). First, the District Court must determine whether a Defendant is eligible for a sentence modification and should determine the amended guideline range that would apply. *Id.* at 827. Second, the District Court must consider the sentencing factors of 18 U.S.C. § 3553(a) and determine whether, in the Court's discretion, the reduction in sentence is warranted under the particular circumstances of the case. *Id.* The Court may consider a defendant's post-sentencing conduct when assessing whether a sentence reduction is warranted. U.S.S.G. § 1B1.10, application note 1(B).

## II. Discussion

### A. *Defendant is eligible under Amendment 782*

The Government concedes that Defendant is eligible for a sentence modification under Amendment 782 and his amended guideline range with a criminal history category of III would be

lowered from 168 to 210 months at a total offense level of 33 to 135 to 168 months at a total offense level of 31. Doc. No. 1474. Defendant seeks a reduced sentence set at the middle of the amended guideline range: 151 months. *Id.*

### B. *Consideration of the Sentencing Factors*

Defendant's motion for reduction of his sentence under Amendment 782 does not address the relevant sentencing factors of Section 3553(a), but simply sets forth his eligibility and focuses mainly on his post-sentencing conduct while incarcerated within the Bureau of Prisons. Doc. Nos. 1463 and 1528. The Court commends Defendant's conduct while incarcerated - - which includes maintaining institutional employment with a positive work record, having no disciplinary issues, and completing many of the programs recommended by his counselors. Doc. No. 1532.

When determining Defendant's original sentence, the Court considered all of the Section 3553(a) sentencing factors, and Defendant's sentence was appropriately fashioned within the original guideline range to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to deter criminal conduct by this Defendant and others; to protect the public from further crimes by Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a). Deterrence and promoting respect for the law was of particular importance in this case.

Defendant committed this offense while on parole for very serious state convictions including drug-related double homicide. Serving ten (10) years of a state prison sentence had no deterrent effect on Defendant. Also, Defendant was granted parole at the minimum term of his state prison sentence and was able to earn his G.E.D. while incarcerated. His institutional conduct has not presented problems - - it is his criminal conduct when not incarcerated that is the

Court's concern, as even the supervision of state parole did not prevent Defendant from committing further drug-related crimes.

However, the Court also must consider whether the failure to reduce Defendant's sentence will result in unwarranted sentencing disparities among offenders with similar criminal history who committed similar offenses. The Court has reviewed the sentences of such similar offenders, and the sentences of the Defendant's co-defendants in this case, and finds that this factor weighs in favor of reducing Defendant's sentence to 151 months, a proportionate reduction to the middle of the amended guideline range. The Court finds that a sentence of 151 months is sufficient, but not greater than necessary, to protect public safety and provide just punishment for this Defendant. This sentence is to be served consecutively to any sentence imposed for a state parole violation.

### III. Conclusion

Accordingly, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Defendant is sentenced to a term of imprisonment of 151 months, to be served consecutively to any sentence imposed for a state parole violation, and to a term of supervised release of 5 years. An Amended Judgment will be issued.

SO ORDERED, this 20th day of October, 2016,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties